IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:21-CV-00080-KDB

| | |
|---|---|
| KEENA LEA GOFORTH,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI , Acting Commissioner of Social Security,[1]<br><br>Defendant. | ORDER |

**THIS MATTER** is before the Court on Plaintiff Keena Lea Goforth's Motion for Summary Judgment (Doc. No. 14) and Defendant's Motion for Summary Judgment (Doc. No. 20). Ms. Goforth, through counsel, seeks judicial review of an unfavorable administrative decision denying her application for supplemental security income under the Social Security Act.

Having reviewed and considered the parties' written arguments, the administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment will be **DENIED**; Defendant's Motion for Summary Judgment will be **GRANTED**; and the Commissioner's decision **AFFIRMED**.

## I. BACKGROUND

On March 29, 2019, Plaintiff filed her application for benefits under title XVI of the Social Security Act, alleging that she had been disabled since January 1, 2013. (*See* Tr. 15). Plaintiff's

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the Defendant in this suit.

1

application was denied initially and upon reconsideration. (*See id.*). After conducting a hearing on September 17, 2020, Administrative Law Judge Charles Howard (the "ALJ") denied Plaintiff's application in a decision dated October 7, 2020. (Tr. 28). On January 26, 2021, the Appeals Council denied Plaintiff's request for review. (*See* Tr. 1). The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Goforth has timely requested judicial review pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine if Ms. Goforth was disabled under the law during the relevant period.[2] At step one, the ALJ found that Ms. Goforth had not engaged in substantial gainful activity ("SGA") since her alleged onset date; and at step two that she had the following medically determinable and severe impairments: bipolar disorder, posttraumatic-stress disorder (PTSD), schizoaffective disorder, and substance abuse (Tr. 17) (20 C.F.R. 416.920(c)). However, the ALJ found at step three that none of Plaintiff's impairments, nor any combination thereof, met, or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (*See* Tr. 18).

---

[2] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

The ALJ then determined that Ms. Goforth had the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform and maintain concentration for only simple tasks; adapt to infrequent and routine change; and have no interaction with the public and no more than occasional interaction with co-workers or supervisors.

(Tr. 20).

At step four, the ALJ found that the Plaintiff was unable to perform her past relevant work as a cafeteria food service worker and a cleaner (*See* Tr. 20-26). At step five, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff — given her age (46), high school education, work experience, and RFC — could perform, including dishwasher, industrial cleaner, and laundry worker (*See* Tr. 27). Thus, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act from March 29, 2019 through the date of her decision. (*See* Tr. 28).

### III. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Bird v. Comm'r of SSA,* 699 F.3d 337, 340 (4th Cir. 2012)*; Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), *quoting Richardson*, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" as follows:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020)*; Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Smith,* 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, in undertaking this review, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

Plaintiff challenges the ALJ's decision on two bases. First, that the ALJ failed to give appropriate weight to various medical opinions and the State Medicaid decision. And second, that the ALJ failed to consider the vocational expert's response to his second hypothetical question.

The Court first finds that the ALJ properly evaluated the medical opinions and the State Medicaid decision. Plaintiff contends that the ALJ improperly weighed the opinions of three

4

experts: Ms. Lahowitch, Dr. Lehman[3], and Ms. Brown. The ALJ discounted Ms. Lahowitch's report, Dr. Lehman's statement, and Ms. Brown's statement because they were based heavily on Plaintiff's self-reports. Because of the reliance on these self-reports, the ALJ found the evaluations were not well supported by medically acceptable clinical findings, were inconsistent with other medical evidence of record, and were vague and did not set out functional limitations determining the most that Plaintiff was able to perform (*see* Tr. 24-25). This decision to discount the evaluations is firmly within the ALJ's purview. *See Owen v. Colvin*, No. 1:15-cv-00115-MOC, 2016 WL 4373702, at *7 (W.D.N.C. Aug. 15, 2016) ("The Fourth Circuit has held that an ALJ may give the medical opinion of a treating physician little weight if the opinion is based on the subjective complaints of the patient without sufficient evidence to substantiate their claims."). As noted above, the ALJ is solely responsible for assessing a claimant's RFC, 20 C.F.R. §§ 404.1546(c) & 416.946(c). Again, the task for this Court is not to determine how it would rule on Plaintiff's claim for disability in the first instance, but rather only whether there is substantial evidence to support the ALJ's ruling. Accordingly, the Court finds the ALJ's decision to discount the medical opinions is within the ALJ's proper authority and discretion and supported by substantial evidence.

Further, the ALJ was not required to evaluate the State Medicaid decision and thus his failure to do so does not constitute a reversible error. *See* 20 C.F.R. § 416.904 ("we will not provide any analysis in our determination or decision about a decision made by any other governmental agency . . . about whether you are disabled"); *see also* 20 C.F.R. § 416.920b(c)(1) (describing other-agency decisions as inherently neither valuable nor persuasive).

---

[3] There is confusion between the parties as to whether the statement is from "Dr. Coherny" or Plaintiff's psychiatrist Dr. Lehman. (*See* Doc. Nos. 14, 20) In any event, it is undisputed what opinion is at issue and that its author is a psychiatrist.

5

Second, the Court finds that the ALJ was not required to consider the vocational expert's testimony in response to the second hypothetical question. The ALJ's second question asked the vocational expert to assume "no exertional limitations, but mentally assume that I adopt the functional assessments of Dr. Layman and the counselor… and find that the claimant has a substantial or a marked loss in at least one of the basic mental demands of unskilled work activity. Those providers actually listed multiple limitations in at least marked level. With those limitations would the claimant be capable of her past work or any other work in the national economy?" (Tr. 54). The vocational expert responded that there "would be no sustained work based on that hypothetical." *Id*.

However, because the ALJ ultimately did not find that Plaintiff had "a substantial or a marked loss in at least one of the basic mental demands of unskilled work" the ALJ was not required to consider this answer. It is well-established that an ALJ is not "required to adopt vocational expert's testimony based on limitations unsupported by substantial evidence. The ALJ's duty only requires him to ask the vocational expert about a hypothetical individual with limitations supported by evidence in the record." *Moore v. Berryhill*, No. 1:16-cv-00332-FDW, 2017 WL 3381341, at *4 (W.D.N.C. Aug. 4, 2017). The ALJ determined the second hypothetical question was irrelevant to his decision because the Plaintiff was not limited to the same extent as the hypothetical individual in the question. (*see* Tr. 18–20). Consequently, the ALJ did not err in not considering the vocational expert's answer to the second hypothetical in reaching his conclusion that the Plaintiff was not disabled.

In sum, the Court has carefully reviewed the record, the authorities, and the parties' arguments. The ALJ applied the correct legal standards and his conclusion that Plaintiff was not disabled is supported by substantial evidence. Therefore, the ALJ's decision will be affirmed.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

Plaintiff's Motion for Summary Judgment (Doc. No. 14) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 20) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 24, 2022

Kenneth D. Bell
United States District Judge